We are here for oral argument in the case of In Ray Home Depot, and we'll hear from Mr. Bauer and Ms. Bauer, and I'm afraid this is not that kind of case, but, um... Good afternoon, and may it please the Court. Your Honors, the Class Action Fairness Act was enacted to provide federal court jurisdiction over class action claims precisely like those alleged by the Bauers against Home Depot in this case. Would you start out by helping me, because I need to know why we should presume that Congress used the term defendant in CAFA when it did, that it was departing from a long line of preceding precedent, confirming that term to original defendants. I mean, even Judge Bybee, who was very sympathetic to your view, you know, in that Westwood Apex concurrence. Yes. You know, even he understood this as a, you know, to be a statutory problem that Congress needs to fix. I don't think it's a statutory problem, Your Honor, because I think that Congress was well aware of the Shamrock Rule, and the jurisprudence that has developed after that, interpreting what the phrase, the defendant, meant. But I don't see a thing in CAFA to suggest that the fundamental Shamrock Rule was being disturbed. Instead, you have 1453 referring over to 1446 for the procedures, and as our first bank case said, there are good reasons for, at least in the simple case, saying that somebody who files as a plaintiff shouldn't, by the alchemy of Rule 13, become a counterclaim defendant and then suddenly able to remove, and then the question becomes, you know, what about other additional parties under Rule 13? I think Your Honor hit the nail right on the head. The first bank decision, of course, relied on Shamrock and that long precedent that has also a plaintiff does not have the right to remove under 1441. But Shamrock also taught us something else, Your Honor. It didn't just tell us what type of defendant could not remove. It told us the types of defendants that can remove. Which was, as Judge Rovner is saying, which is the original defendant, the actual defendant before the Rule 8 defendant, I might say, instead of the Rule 13 or the Rule 14 third party defendant, all the other fancy hyphenated kinds of defendants. The only word I would take issue there with, Your Honor, is that Shamrock did not hold that only the original defendant can remove. What Shamrock taught us is that the types of defendant that can remove are defendants who were brought into the case by service of process and defendants who had not submitted themselves to the fore. Well, I'm going to quibble with you and say that certainly Shamrock means that if you have A versus B and B is the defendant, then if at some later time pursuant to, say, Rule 15, there's an amended complaint that's filed and now you have A versus B plus C pursuant to Rule 20, C, who comes in, is a defendant. And if C is then properly served, it affects the time for removal, it affects other things. C is entitled to remove. But C isn't what I'm calling one of the hyphenated defendants. C is just a plain old defendant, although brought in a bit later. That's what Shamrock covers. Yes, Your Honor, that's exactly right. But Shamrock says the reason for that, and in fact the reason why a counterclaim defendant who was also a plaintiff cannot remove the case is because they were not brought into the case in the first instance by service of process. They had purposefully submitted themselves to the jurisdiction. Let me tell you something that worries me about your position. I understand that there's a slight difference between the situation that we addressed in the First Bank case and your situation. But just to review this case, it starts out when Tri-State sues the Bowers, regular old collection case. The Bowers then file a counterclaim. So they become the counterclaim plaintiffs, Tri-State is the counterclaim defendant. Under First Bank, Tri-State is not entitled to remove under CAFA. But now they take advantage of what's available under Rule 13H, and they add another counterclaim defendant, Home Depot. They actually add somebody else too, but we're not going to worry about them. Under your rule, Tri-State is precluded from removing, unless you're asking us to overrule First Bank. And you get to remove. So you create a blatant inequity between two parties who are otherwise exactly similarly situated. And I think that's something that you need to defend. Your Honor, I don't think there's an inequity, and I think we can look all the way back to Shamrock. Well, sure there is. They're both counterclaim defendants. One of them is entitled to remove, the other isn't. I would view Home Depot's position in this case as a defendant who was newly added to the case pursuant to a counterclaim that was already in existence. Well, you're playing with labels. Look, they're part of the counterclaim. There's a thing called counterclaim that gets filed in the district court. And they are counterclaim defendants. And the other counterclaim defendant is Tri-State, again, simplifying a bit. And under your rule, only a new counterclaim defendant can remove. If you started out as the plaintiff and then you become a counterclaim defendant, you don't get to remove under our first bank rationale. I think the important distinction there, Your Honor, is that Home Depot never submitted itself to the jurisdiction of the bank. That may be and it may not be, but you can't say that the practical effect, once they're in, obviously the federal rules are very liberal when it comes to jointer of parties and jointer of claims. They follow a philosophy of throw everything into the hopper. And so because of Rule 13H, because of Rule 20, you can come in, or they can bring you in, assuming they can serve process on you and all the rest of that, which is obviously not a problem here. And so I guess I'm going to take your answer, since you don't want to answer the question, to say, yes, there is a distinction, a difference in treatment between Tri-State and Home Depot, between the original counterclaim defendant and a new counterclaim defendant. And your response is tough luck. Not exactly, Your Honor. I think my response would be that is the result that is dictated by the rationale for the Shamrock Rule. But it's also a new problem. I mean, we faced one problem in First Bank, which is the problem that you get when the original plaintiff suddenly finds themselves rethinking their choice of forum. And now this new problem of inequity is there. And I haven't even gone into the rest of the problems of the contortions you'd have to go through in 1446. I'll tell you, my view of this, at least at the moment, is there's enough rewriting and tweaking that we would have to do to the statutes, plural, 1446, CAFA, that it seems to me if your equity arguments are correct, this is a job for Congress. Your Honor, I believe that the statute as written, 1453, makes it clear that any defendant may remove a qualifying class action. So in other words, we would have to overrule First Bank then, under your view, because certainly you would agree that Tri-State is a defendant. And it would also, if I might just add, it would give a different meaning for purposes of CAFA than it does to the other removal provisions of 89, Chapter 89 of the Judicial Code, simply because our court might believe that it is better policy. And the people that decide that are a bit above our pay grade. Your Honor, I think you can actually read any defendant language in Section 1453 consistent with this court's ruling in First Bank and consistent with the Supreme Court's decision in Shamrock. How do you read it consistently with First Bank? Because what First Bank said was that a counterclaim defendant, who was also a plaintiff, cannot remove. But by your definition, there's still a defendant. If you're really going to go all the way with any defendant means any defendant, how can they not be a defendant? How can Tri-State not be a defendant? If your literal approach to any defendant were to be accepted, how do you exclude a party such as Tri-State? Again, that's the teaching of Shamrock. It's a defendant who is not a plaintiff. I think that is the way this court interpreted it with First Bank. But that's not what the statute says. It doesn't say any defendant who is not a plaintiff. That's true. And certainly this court at that time could have decided that Congress, in choosing that any defendant language, which is clearly broader than the defendant or the defendants in Section 1441, that Congress decided that would incorporate and include a counterclaim defendant. But, Your Honor, because in First Bank, this court relied upon the Shamrock definition of what a defendant is. A defendant is someone who is not a plaintiff. A defendant is someone who has not purposefully availed themselves of the forum and was brought into the case by service of process because that was the definition that this court chose to use for a defendant in concluding that First Bank was, in fact, not a defendant. So what do you do with the paragraph in First Bank that comments that First Bank's position there would make hash of Chapter 89, and then it goes on. You know what I'm talking about. You just say, so we'll have hash? No, Your Honor. I think, as I read the First Bank decision incorporating the definition from Shamrock, it's that a defendant who is also a plaintiff cannot remove. But that's not what this part says. It says that would make hash of Chapter 89 because Section 1453B refers to 1446. Unless the word defendant means the same thing in both sections, the removal provisions are incoherent. Correct. Well, the court said that we need to... Nothing about plaintiffs there. It's a defendant gets to remove. I mean, it's not like I disagree with you on the efficiencies of having a giant class action like this in federal court. Maybe Congress will change the law to make that happen, just as they did when they added CAFA, but we have statutes here. And this court can read defendant consistently across 1453, 1446, and 1441 the same way that it did in First Bank. Because key to the court's decision in First Bank was the finding, not that it was a counterclaim defendant. That's not the reason why this court decided that 1453's any defendant language was not broad enough to cover it. This court relied on Shamrock, and that Shamrock decision said that a defendant who is a plaintiff can't remove. Now, it also told us, though, that the right to remove is a defendant joined by process. That's just like Home Depot in this case. A new defendant joined to the case only by service of process. What about third party defendants? Again... Do you let them remove? A new defendant joined to the case by service of process. That's the teaching of Shamrock. Shamrock says that the right to remove exists in a defendant who did not submit themselves to the forum. That's precisely what you would have here. So you could simply read 1453 consistent with Shamrock, consistent with this court's ruling in First Bank to say that any defendant who is not a plaintiff can remove. It certainly is consistent with not only that 70 years worth of authority, but also makes sense. Or said the way that I would think it should be phrased, any defendant who was joined by service of process and who did not submit themselves to the jurisdiction, that defendant has the right to remove the case. Okay. If you want to save a minute for rebuttal, that would probably be something to do now. Mr. Reese. Good afternoon, your honors. Michael Reese for the appellees. May it please the court. So Mr. Reese, if Congress was trying to do anything in CAFA, it was to get these large multi-state class actions out of the state courts and put them into the federal courts. So why shouldn't we put a thumb on the scale toward doing that? Because it would be rewriting a congressional statute. It would be overruling 50 years of precedent. You'd have to reverse First Bank. But this is a different case from First Bank because as Mr. Haskins points out, the first point that's made in First Bank is that a litigant who files suit in state court is a plaintiff and can't remove even if they later morph into a counterclaim defendant at the same time. There's two points that I'd like to make. First of all, when you go to the language in First Bank where Judge Easterbrook talks about if you interpret defendant in any other way, it just makes complete hash of the removal statutes. And it makes a very good point. If Congress wanted to allow counter defendants to be able to remove, it could have said that. If it wanted third party defendants to be able to remove, it could have said that. Well, his argument is that when they say any defendant, they've said that except in a more economical way. What the any defendant goes to and numerous courts have recognized this is the fact that under CAFA, if let's say there's three original defendants, only one of those has to remove. That's the any defendant. That's what any means there. No, no, really, I remember that obviously it gets rid of the all defendant requirement for ordinary removal and it gets rid of the in-state prohibition, right? One other point I'd like to make in response to Your Honor's question is it's important to note that in First Bank, the Seventh Circuit said, we conclude that Palisades Collections, which is a case from the Fourth Circuit, and this is I'm quoting here, was rightly decided. And why that's so important is Palisades Collections is exactly like this case. In that case, you had what you could call an additional counter defendant, a non-original defendant, and the Fourth Circuit there said that party does not have a right to remove under the statutes. And it pointed to 50 years of precedent where courts after courts after courts were interpreting Shamrock Oil to say third party defendants do not have a right to remove under the statutes. Those cases were all decided before CAFA was passed by Congress in 2005. What policy reason do you think there could be for Congress to have, you know, to give Home Depot the power to remove if it was an original defendant, but not as here when it's a counter defendant. I mean, either way, it is a defendant on the Bowers multi-state class claim. It didn't come into the case voluntarily. It had no role whatsoever in choosing the state form. What do you think the policy is behind all of this? The first thing I think is you just start with the language of the statute and it's clear and it's based on 50 years of precedent where courts after courts have said third party do not have the right to remove. But think about it this way, and this goes to your question earlier, Judge Wood, about well do we include third parties, do we include cross defendants? This case had been pending for a year in state court and there had been a lot of work done in the state court. And then at a certain point, Home Depot became an additional counter defendant and then they've attempted to remove it, take it away from a judge who's been working on that case for over a year. If you expand defendants to include this ambiguous term that my esteemed colleague would like this court to adopt as opposed to Congress making that change, you could conceivably have a case proceeding for four or five years in state court, the original plaintiff then decides to bring in a third party defendant and then that third party defendant removes the case. Or you could have a cross defendant coming in. It becomes a very chaotic situation. That may have been what Congress was thinking about. Congress may have just been wanting to adopt the statutory language that had been used by the courts for 50 years. It had worked for 50 years since Shamrock Oil so they saw no reason to disturb that. And so I think it just takes us back to the point. And you've seen every appellate court that addressed this issue has ruled that an additional counter defendant such as counterclaim defendant as we have here does not have the right to move. Palisades Collections is one. As I point out, to your honor, that's a case that this court in the first bank in which you were sitting on that panel, your honor, ruled. Don't remind me. But there are other cases as well since then. The Ninth Circuit ruled that way in the Westwood Apex case. You also have the Fourth Circuit in the In Re Mortgage Electronic Registration Systems which said a third party, so a party that was not one of the original parties, they also do not have rights. So courts after courts after courts have interpreted the way that courts have been doing for 50 years. And to try to rewrite the statute is going to create chaos. So I'm not sure in the end that is the answer to the policy reason why we shouldn't interpret the word defendant differently in different parts of the statute. And in particular, given 1453, which is a separate statutory authorization for removal, tailor made to CAFA, why wouldn't you take that more flexible approach since maybe Congress doesn't want these state courts handling these multi-state class actions? I think if Congress doesn't want that, Congress can change the law. Congress writes the statutes, the court interpret those statutes, it's clear based upon the language what the statute requires. Based upon shamrock oil, it's only an original defendant. If Congress thinks there's an inequity, they can change that. As you pointed out, Your Honor, they changed in 2005 to bring about the Class Action Fairness Act. But it's something for Congress to do. And that's why this case should be a simple case for this court because it's really not the role of the court to rewrite the statute. If that's going to happen, Congress does that. But you do agree that we would have to take a step beyond First Bank since First Bank is a case that is concerned with the original parties, you know, P versus D. And here we have counterclaim brought by D versus P and adding P2, so to speak, counterclaim defendant 2. So that's, and the rationale of shamrock doesn't apply. Now maybe there's a different rationale that would support extending this rule. And I guess your idea is administrative confusion. Maybe there's something else. I'm not sure. Well, two points. One is, I do appreciate that the fact scenario is different. In the First Bank case, you had an original plaintiff that then became the counterclaimant, the counterclaimant defendant. But as I pointed out earlier in First Bank, this court did rely upon the Palisades Collections case. That is a case on all fours with the factual scenario here. And what shamrock oil, shamrock oil is not based upon policy. It's based upon statutory interpretation. In that case, the Supreme Court went and looked at the Judiciary Act of 1789, looked at the brief period between 1885 and 1887 where the removal statutes had been changed to include any party. And then the Act of 1887, which is basically what we have today as removal statutes, went back to the Judicial Act of 1789. So it wasn't a question of what should we do. It's what does the law require because that's what the plain language states. And that's how courts have interpreted it for over 50 years. In the Palisades Collections case, which this court relied upon, it talks about for more than 50 years, courts applying shamrock oil have consistently refused to grant removal power to third-party defendants. That's the case. That's the situation we have here. In other words, and this is Palisades Collections going on, parties who are not the original plaintiffs but would be able to exercise removal power under the incorrect interpretation that they rejected. And then it goes on and cites case after case after case through decade through decade through decade. So what my esteemed colleague is asking to do is basically to reverse all of those decisions because it would be a completely different interpretation on who can remove under the statutes. Mr. Reese, if we were to accept Mr. Haskins' approach with the Fourth and Sixth Circuit's position, would we be creating a circuit conflict for the first time in this area? That's correct, and with the Ninth Circuit as well. And this would be the only court that would have taken that position, appellate court. Okay. Unless the court has any other questions, I appreciate your time. Thank you, Your Honors. All right. Thank you. I think you saved about a minute, Mr. Haskins, so we'll let you have the last word. I will be brief, as I must be. Your Honor, you just heard an opposing counsel repeatedly refer to the Palisades case, and Your Honor raised the issue of whether or not there would be a conflict with other circuits. Would your position? There would not be, Your Honor. There would not be a conflict? I do not think so, because of the Supreme Court's decision in Dark Cherokee. The Dark Cherokee decision made it clear that there's no presumption against removals under CAFA. This court has never recognized any such presumption, so we were ahead of the Supreme Court. Yes. That you were. On that particular point. But the Palisades decision was not. The majority in that case started its analysis in that case with announcing the principle that removal statutes should be construed narrowly, and in fact, it said that its decision in that case was consistent with that principle of construction. The Dark Cherokee decision by the Supreme Court tells us that that decision was wrong. It was wrong from the beginning. Well, that statement was wrong. I mean, courts say a lot of things in opinions. I'm not sure that means that the bottom line was also mistaken. Please finish your thought. Two points, Your Honor. First, Judge Niemeyer correctly predicted what the standard should be, and second, reached the exact opposite conclusion, applying the correct standard. The second point, Your Honor, is in the Jordan case, the Ninth Circuit specifically disavowed its earlier decisions that were based upon the improper, narrow construction of CAFA. CAFA should be read broadly. Any defendants should be read broadly. Home Depot is a defendant. Thank you. Is what? I'm sorry. Is a defendant. Is a defendant. All right. Thank you very much.  We'll take the case under advisement, and the court will be in recess. Thank you.